Pamela J. CRESSY, et al., Respondents (C5–95–886),

Michael P. Cressy, By and Through, His Father and Natural Guardian, Gary Heinsch, Respondent (C7–95–887),

v.

Steven GRASSMANN, Appellant.

SALDEN SCHOOL BUS SERVICE, INC., Appellant (C5–95–886),

v.

Pamela CRESSY, Respondent (C7–95–887).

Nos. C5–95–886, C7–95–887.

Court of Appeals of Minnesota.

Aug. 22, 1995.

Review Denied Sept. 28, 1995.

John R. Shoemaker, Steven J. Kirsch, Murnane, Conlin, White & Brandt, St. Paul, for Pamela J. Cressy, et al. in No. C5-95-886.

David W. Jorstad, Sieben, Grose, Von Holtum, McCoy & Carey, Ltd., Minneapolis, for Michael P. Cressy in No. C7-95-887.

James H. Malecki, Mark S. Ullery, Gislason, Dosland, Hunter & Malecki, P.L.L.P.,

New Ulm, for Steven Grassmann and Salden School Bus Service, Inc.

James A. Schaps, Autumn L. Anderson, Hansen, Dordell, Brandt, Odlaug & Brandt, P.L.L.P., St. Paul, for Pamela Cressy in No. C7-95-887.

Wilbur W. Fluegel, Wentzel & Fluegel, Minneapolis, amicus curiae Minn. Trial Lawyers Ass'n.

Considered and decided by RANDALL, P.J., and DAVIES and HOLTAN,* JJ.

## OPINION

DAVIES, Judge.

Appellants challenge summary judgment for respondent personal injury victims, arguing that the district court erroneously upheld the constitutionality of Minn.Stat. § 169.685, subd. 4. We affirm.

## FACTS

In October 1993, respondent Pamela Cressy (Cressy) and her minor son Michael Cressy were injured when the car Cressy was driving was struck from behind by a bus, driven by appellant Steven Grassmann and owned by appellant Salden Bus Service, Inc. Cressy sued appellants, alleging that Grassmann's negligence caused the accident. Appellants raised as defenses Cressy's failure to wear her seat belt and ensure that Michael wore his. Appellants also based a counterclaim against Cressy on her failure to ensure that Michael was properly restrained.

In a separate negligence action, Michael's father, Gary Heinsch, also sued appellants on Michael's behalf. In that suit, appellants brought a third-party contribution action against Cressy, based again on her failure to ensure that Michael was wearing his seat belt.

Cressy moved for summary judgment in her action, requesting dismissal of appellants' defense and counterclaim; she also moved for summary judgment in Heinsch's action, requesting dismissal of appellants' third-party contribution action. The district court granted both summary judgment motions, explicitly upholding the constitutionality of Minn.Stat. § 169.685, subd. 4, which precludes admission of evidence of seat-belt nonuse.

Appellants challenge both summary judgments, arguing that the court erred in upholding the statute's constitutionality. This court consolidated the appeals because they arise from related proceedings and raise the same legal issues.

## ISSUES

I. Is Minn.Stat. § 169.685, subd. 4, unconstitutional?

A. Does it violate the equal protection clause?

B. Does it violate procedural due process?

II. Has Minn.Stat. § 169.685, subd. 4, been impliedly repealed?

III. Should this court grant respondents' motion to strike portions of appellants' appendix?

## ANALYSIS

### I.

Appellants argue that Minn.Stat. § 169.685, subd. 4, is unconstitutional because it violates the equal protection clause and appellants' right to procedural due process.

According to the Minnesota Supreme Court,

> Minnesota statutes are presumed constitutional, and our power to declare a statute unconstitutional should be exercised with extreme caution and only when absolutely necessary. The party challenging a statute has the burden of demonstrating beyond a reasonable doubt a violation of some provision of the Minnesota Constitution.

*In re Haggerty,* 448 N.W.2d 363, 364 (Minn. 1989) (citations omitted).

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by ap- pointment pursuant to Minn. Const. art. VI, § 10.

## A. Equal Protection Argument

The equal protection clauses of both the United States and Minnesota Constitutions "require that all persons similarly situated be treated alike under the law." *In re Harhut,* 385 N.W.2d 305, 310 (Minn.1986).

"[L]egislative classifications of persons" will generally be upheld "if rationally related to a legitimate state interest." *Harhut,* 385 N.W.2d at 310. In applying this rational basis test, Minnesota courts require that a statute satisfy the following factors:

(1) The distinctions which separate those included within the classification from those excluded must not be manifestly arbitrary or fanciful but must be genuine and substantial, thereby providing a natural and reasonable basis to justify legislation adapted to peculiar conditions and needs;

(2) the classification must be genuine or relevant to the purpose of the law; that is, there must be an evident connection between the distinctive needs peculiar to the class and the prescribed remedy;

(3) the purpose of the statute must be one that the state can legitimately attempt to achieve.

*Miller Brewing Co. v. State,* 284 N.W.2d 353, 356 (Minn.1979); *accord Leonard v. Parrish,* 420 N.W.2d 629, 632 (Minn.App.1988) (quoting *Miller* ).

Appellants argue that section 169.685, subdivision 4 (1992), by excluding evidence, unconstitutionally differentiates between defendants in cases where the injured plaintiff violated the seat-belt requirement and defendants in cases where the plaintiff violated any of the basic driving rules outlined in Minn.Stat. § 169.18 (1992 & Supp.1993).

■ Appellants point out that when a plaintiff violates

any one of the driving rules set out in Minn.Stat. § 169.18, the defendant is fully entitled to present evidence of such violation and the violation actually becomes prima facie evidence of negligence under Minn.Stat. § 169.96.

Appellants fail to note, however, that the rules in section 169.18 involve how a motorist drives and are directly related to accident causation. Seat-belt use, on the other hand, relates primarily to the *extent of damages* and has little bearing on the driver's possible negligence in *causing* the accident. This, by itself, is a sufficient basis for different treatment.

The second prong of the rational basis test requires that the statutory classification serve some "distinctive need[ ] peculiar to the class." *Miller,* 284 N.W.2d at 356. Here, the classification serves two important functions. It ensures that an accident victim is not denied a fair recovery: (1) by excessive expert witness fees resulting from the need to disprove that seat-belt nonuse caused additional damages; and (2) by the effect that such nonuse would have on a jury's determination of comparative fault.

As for the third prong of the test, providing automobile accident victims with an opportunity to recoup their losses in a civil action serves a legitimate state interest.

■ Appellants also point to the disparity of treatment between evidence of seat-belt nonuse and of helmet nonuse by motorcyclists. We have previously addressed this disparity. In upholding section 169.974, subdivision 6 (1992), we explained:

Physical distinctions exist between these classifications. * * * [A]utomobiles provide significantly more structural protection in collisions or other accidents [than do motorcycles].

*Leonard v. Parrish,* 420 N.W.2d 629, 633 (Minn.App.1988). In *Leonard,* we further noted that the statutory right to present evidence of failure to wear a helmet while riding a motorcycle resulted from an apparent compromise stemming from the repeal of the 1967 mandatory helmet law for adults. *Id.* at 632. Additionally, while section 169.686, subdivision 1 (Supp.1993), encourages safety of automobile passengers by *requiring* seat-belt use, section 169.974, subdivision 6, encourages *voluntary* helmet use by permitting evidence of nonuse. *Leonard,* 420 N.W.2d at 633. Thus, the distinction between defendants sued by an unhelmeted motorcyclist and those sued by an unbelted motorist is genuine and substantial. (Our

analysis of prongs two and three is the same here as above.)

Minn.Stat. § 169.685, subd. 4, is rationally related to a legitimate state interest; it does not violate the equal protection clause.

## B. Due Process

Appellants also challenge the constitutionality of the seat-belt evidence rule on the ground that it violates procedural due process. A claimed violation of procedural due process triggers a two-part analysis. First, courts must determine whether "a substantive right of life, liberty or property" is affected. *AFSCME Council 65 v. Blue Earth County*, 389 N.W.2d 244, 248 (Minn.App. 1986), *pet. for rev. denied* (Minn. Aug. 20, 1986). Second, in determining what process is due, Minnesota has adopted the federal test, which balances

the importance of the private interest at stake, the government interest in administrative efficiency and the risk of erroneous deprivation under current procedures.

*Id.* at 249.

■ Even assuming the implication of a substantive right, which is questionable, we affirm the district court based on an application of the above balancing test. The private interest at stake, appellants' right to reduce any judgment against them, is important. But no less important is the government's interest in maintaining efficient trial procedure by avoiding complicating trials with expert-witness testimony on the mitigating effects of seat-belt use.

As for the third factor, appellants' right to present a defense is not at risk. Although unable to reduce awards to the extent of damages that are attributable to seat-belt nonuse, appellants may still present evidence of respondents' comparative fault—if any—in *causing* the accident.

## II.

Appellants further argue that the seat-belt evidence rule was implicitly repealed by the later enactments, specifically the mandatory seat-belt law in 1986 (Minn.Stat. § 169.686) and the comparative fault statute in 1969 (Minn.Stat. § 604.01).

■ We find no inconsistency between the bar of seat-belt evidence and those later statutes. Thus, we hold that the legislature did not, with the enactment of the mandatory seat belt and comparative fault statutes, implicitly repeal section 169.685, subdivision 4.

## III.

Respondents have moved this court to strike pages A–29–39 of appellants' appendix, claiming those documents are not part of the record on appeal.

■ The record on appeal consists of: "The papers filed in the trial court, the exhibits, and the transcript of the proceedings." Minn.R.Civ.App.P. 110.01. This court will grant a motion to strike material submitted in a party's appendix when that material did not come before the trial court. *Midwest Family Mutual Ins. Co. v. AMCO Ins. Co.*, 422 N.W.2d 758, 760 (Minn.App.1988), *pet. for rev. denied* (Minn. June 29, 1988).

Here, appellants admit that pages A–29–35 (state trooper's report) are not part of the record on appeal; we therefore strike those pages. But appellants correctly argue that pages A–36–39 (Lofgren report) came before the trial court in an affidavit submitted in opposition to Cressy's motion for summary judgment in the third-party contribution action. Accordingly, we do not strike those pages.

## DECISION

Minn.Stat. § 169.685, subd. 4, has not been repealed by implication and violates neither the equal protection nor due process clauses of the federal and state constitutions. We uphold the district court's grant of summary judgment for Cressy in both personal injury actions.

**Affirmed.**